I cannot agree that the warning here was adequate as a matter of law when there was expert evidence to the contrary and competent, substantial evidence to support the jury's conclusion. I would therefore affirm the trial and district courts.
The record shows that after injection with Depo-Provera, the plaintiff bled uninterruptedly for five months before resorting to a hysterectomy. The package insert *Page 684 
provided by Upjohn omitted any warning of "prolonged bleeding"[1] and is thus not "accurate, clear and unambiguous," as required by Felix v. Hoffmann-LaRoche, Inc., 540 So.2d 102
(Fla. 1989).
That the instant warning was inadequate is shown by the testimony of Dr. Levy, M.D., one of the prescribing physicians. He testified that the plaintiff complained of abnormal bleeding, that he told her a hysterectomy would correct her bleeding problem, and that he did not consider that Depo-Provera might have been causing[2] her problem because he expected the drug to have just the opposite effect — amenorrhea (the absence of bleeding). He further stated that abnormal bleeding was not listed on the package insert as an adverse reaction. Dr. Benjamin, Ph.D., a pharmacologist who had worked for three major drug companies writing package inserts, testified that in his opinion the language of the insert was inadequate.
Upjohn knew that prolonged bleeding was an effect of Depo-Provera administration — it was reported in a 1983 article in the medical literature written by an employee of Upjohn and published with Upjohn's consent. The article[3] disclosed that, in the first three months after administration of the drug, more than twenty-five percent of women bled from eleven days to up toevery day per month and that, after a second injection, more than ten percent continued to experience bleeding from eleven toevery day per month. Furthermore, some women in the study withdrew their participation because they were unwilling to suffer the bleeding effects of the drug.
The jury heard conflicting evidence and as fact-finder rendered a verdict. In this battle of experts, I do not feel this Court is qualified to reweigh and reevaluate that evidence. I therefore dissent.
KOGAN, J., concurs.
[1] Dr. Shapiro, M.D., testified that "prolonged bleeding" is a term of art.
[2] Dr. Roshan, M.D., testified that Depo-Provera was the cause of plaintiff's bleeding.
[3] The article was based on a study of Depo-Provera conducted between 1965 and 1971.